UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL No. 663; UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL No. 440; UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL No. 2; and UNITED FOOD AND COMMERCIAL WORKERS UNION, AFL-CIO, CLC,<br><br>    Plaintiffs,<br><br>   v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE,<br><br>    Defendant. | Case No. 0:19-cv-02660-JNE-TNL |

**DECLARATION OF ADAM R. PULVER IN SUPPORT OF PLAINTIFFS' OPPOSITION TO MOTION TO STAY AND FOR VOLUNTARY REMAND**

I, Adam R. Pulver, declare as follows:

1. I am counsel for Plaintiffs in the above-captioned matter.

2. Attached as Exhibit 1 is a true and correct copy of email correspondence between myself and Defendant's counsel in this matter.

3. On April 8, 2020, I received an email from Defendant's counsel, asking whether Plaintiffs would consent to a four-week extension of Defendant's deadline to answer the complaint in this matter. Ex. 1 at 5.

4.  That same day, I informed Defendant's counsel that Plaintiffs' "hoped to move quickly, and agree to a schedule for production of the administrative record and cross-motions for summary judgment," given that "my clients' members are at risk of bodily injury while the rule [at issue in this case] [is] in effect." Exh. 1 at 3. I informed Defendant's counsel that Plaintiffs would consent to providing "extra time to answer," conditioned on an agreement for "a proposed schedule for production of the administrative record and summary judgment at the same time." *Id.* at 4

5.  Defendant's counsel refused to discuss said briefing schedule at the time, saying "All I want to know right now is whether Plaintiffs will stipulate to extend the answer deadline until 4/29." Ex. 1 at 3.

6.  Despite my concern as to the impact on my clients, I consented to the request as a matter of professional courtesy.

7.  On April 27, 2020, I sent an email to Defendant's counsel seeking to follow up on his representation that he "would discuss with [his] client a potential stipulated schedule for the production of the administrative record and summary judgment briefing schedule." Ex. 1 at 2–3.

8.  In the evening of April 28, 2020, Defendant's counsel informed me that "the agency is facing a number of challenges related to the COVID-19

pandemic and is not yet in a position to stipulate to a schedule for the production of the administrative record or summary-judgment briefing." Ex. 1 at 2.

9. That same evening, I reiterated my concerns to Defendant's counsel about the harms to my clients, referencing the adoption of NSIS by the Seaboard Foods plant in Guymon, Oklahoma, and indicating my belief that expeditious summary judgment briefing would be more efficient than preliminary injunction briefing, followed by summary judgment briefing. Ex. 1 at 1.

10. Two days later, on May 1, 2020, Defendant's counsel informed me the agency intended to file a motion for voluntary remand and ask for a stay of proceedings in this action. He also informed me that "the COVID-19 pandemic" meant that USDA could not produce the administrative record until June 30. Ex. 1 at 1.

11. I informed Defendant's counsel that Plaintiffs would file a motion seeking leave to take limited discovery as to the status of the New Swine Inspection System (NSIS) in connection with Defendant's motion for voluntary remand. Defendant's counsel indicated Defendant would oppose that motion, and that discovery would be "wholly inappropriate." In an effort to avoid further disputes, Defendant agreed to stipulate that the Guymon plant had converted to NSIS. *See* Stipulation (ECF 38) at ¶ 6.

12. Attached as Exhibit 2 is a true and correct copy of an order issued in the matter of *Minnesota Center for Environmental Advocacy v. EPA*, Civil No. 03-5450 (DWF/SRN) (D. Minn. May 6, 2005), which I downloaded from the Court's PACER system.

13. Attached as Exhibit 3 is a true and correct copy of an order issued by the U.S. District Court for the District of Columbia in the matter of *Organic Trade Association v. United States Department of Agriculture*, Civil No. 17-1875 (RMC) (D.D.C. Mar. 12, 2020), which I downloaded from that court's PACER system.

14. Attached as Exhibit 4 is a true and correct copy of the Defendants' Motion to Stay Summary Judgment Proceedings and for Voluntary Remand or, in the Alternative, for an Extension of Time, filed in *Organic Trade Association* on January 3, 2020, which I downloaded from the U.S. District Court for the District of Columbia's PACER system.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of June, 2020

>*/s/ Adam R. Pulver*
>Adam R. Pulver